[Docket No. 4]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                :
RAFAEL FONTANEZ,                :
                                :    Civil Action No.
            Plaintiff,          :    11-2573 (RMB)
                                :
        v.                      :    **MEMORANDUM OPINION**
                                :    **AND ORDER**
ABIGAIL LOPEZ et al.,           :
                                :
            Defendants.         :
_____:

    This matter comes before the Court upon a motion titled "Motion Under Federal Civil Rule 60(a), (b)(1)(4)(6) with 28 USC § 2201 and § 2202 Declaratory Remedy Showing the Judge Bumb Abuse of Discretion in the Order (Dckets 1,2, & 3) on July 12, 2011 which Dismissed with Prejudice the Original Complaint Allegation(s) that Caused Extreme Due Process Unconstitutional Opinion Violations and Prejudice in the Plaintiff's Mandated Preparation in the Ordered First Amended Complaint," Docket Entry No. 2, at 2 (citations, spelling, punctuation, parenthetical and capitalization in original).  The motion is denied.

    On May 5, 2011, the Clerk received a package submitted by Rafael Fontanez ("Plaintiff"), an inmate confined at the Federal Correctional Institution at Forth Dix, Fort Dix, New Jersey.  See Docket Entry No. 1.  The package indicated that Plaintiff was seeking to commence a civil action in forma pauperis, alleging

violations of his constitutional rights, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and also asserting wrongdoings under the Federal Tort Claim Act ("FTCA"). <u>See</u> <u>id.</u> The submission included a nineteen-page, single-spaced civil complaint, <u>see</u> <u>id.</u>, a 62-page compilation of exhibits, <u>see</u> Docket Entry No. 1-2, and Plaintiff's application to prosecute his challenges <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> Docket Entry No. 1-1.

The Court granted Plaintiff <u>in</u> <u>forma</u> <u>pauperis</u> status, <u>see</u> Docket Entries Nos. 2 and 3, and carefully examined 81 pages of Plaintiff's submission. <u>See</u> <u>generally</u>, Docket Entry No. 2. By an Order entered July 12, 2011, the Court dismissed Plaintiff's claims for the reasons set forth in an accompanying Opinion.

The Court, however, noted in its Opinion, however, that one of Plaintiff's claims amounted to a potentially plausible <u>Bivens</u> claim. Specifically, the Court observed: "the sole potentially viable claim that this Court can discern from the face of the Complaint is that Elias was allegedly made aware of Plaintiff's severe physical pain but declined to prescribe him any pain-reducing medications during the period from July 15, 2009, to October 15, 2009. Consequently, in the event Plaintiff elects not to amend his Complaint by asserting factual challenges other than those stated in the Complaint, but elects to proceed with his challenge based on such alleged denial of pain-reducing

medications, Plaintiff can simply verify, in writing, his desire to so proceed." Id. at 20. The Court, however, accompanied that observation with the statement stressing that Plaintiff's complaint, while alleging that he exhausted only his personal tort claims with the DOJ, might be subject to dismissal for the purposes of the Bivens analysis on the grounds of failure to exhaust Plaintiff's Bivens challenges with the Bureau of Prisons ("BOP"). See id. at 20-21 (observing that Plaintiff's lengthy submission merely indicated that he filed a grievance with his warden but was silent as to any exhaustion with the Regional or Central Offices of the BOP). Correspondingly, the Court noted that Plaintiff's sole facially viable Bivens claim appeared subject to dismissal on that ground.

> However, just as with the substance of Plaintiff's factual assertions made in the Complaint, the Court [did] not rule out the possibility that Plaintiff's 62-page compilation of exhibits and his discussion of administrative exhaustion of his tort claims before the DOJ inadvertently omitted to mention (or to include exhibits indicating) that Plaintiff also administratively exhausted his constitutional challenges before the BOP. Therefore, jointly with granting Plaintiff leave to amend his pleading by articulating facts other than those already discussed in this Opinion, the Court [also] allow[ed] Plaintiff an opportunity to clarify whether this Court [was] correct in its impression [as to] Plaintiff's failure to exhaust his Bivens challenges before the BOP. [The Court also explained that, i]n the event Plaintiff's constitutional challenges were duly exhausted, Plaintiff [did not have to] copy these administrative papers; it [was] sufficient for Plaintiff to merely clarify that he did so exhaust his Bivens claims based on the alleged denial of

> pain-reducing medication by Elias (or that he so exhausted those Bivens claims with regard to which Plaintiff will elect to articulate additional facts in his amended complaint).

Id. at 22 and n. 9 (footnote incorporated in the main text).

The Court also dismissed Plaintiff's allegations for the purposes of his FTCA claims. Yet, the Court noted:

> However, same as with Plaintiff's Bivens challenges, the Court cannot rule out the possibility that Plaintiff may amend his Complaint by asserting: (a) sufficient facts showing that Lopez, Elias and Bourton were government employees within the meaning of the FTCA requirement; (b) Plaintiff's exhaustion of his tort claims before the DOJ that raised the same factual predicate and sought a particular sum certain; and (a) a specific sum Plaintiff is seeking, under the FTCA, in this action. The Court, therefore, will dismiss Plaintiff's . . . FTCA claims that might be cured by pleading without prejudice.

Id. at 32.

Armed with the extensive guidance as set forth in the Court's Opinion as to how to cure the shortcomings of his Bivens and FTCA challenges, Plaintiff was allowed forty-five days to file his amended complaint detailing his Bivens and FTCA claims. See Docket Entry No. 3 (clarifying, in great detail, what facts Plaintiff had to assert in order to cure his challenges and explaining that Plaintiff could pursue either Bivens or FTCA challenges, or both). The Court's order to that effect was issued on July 12, 2011.

In response, Plaintiff did not submit his amended pleading. Rather, he filed the instant motion, a twenty-page single-spaced document consisting of 94 paragraphs and a four-paragraph

conclusion.  See Docket Entry No. 4, at 2-21.  The bulk of these 94 paragraphs presents various paraphrasings of Plaintiff's displeasure with this Court reduced to Plaintiff's opinions that this Court "abused [its] discretion," "changed the settled law standard," "unjust[ly] dismiss[ed]" Plaintiff's original complaint, issued an "unfair ruling," adopted "unjust methodology," etc. See, Docket No. 4 generally.

A few of Plaintiff's statements scattered among these 94 paragraphs suggests Plaintiff's confusion as to the gist of the Court's prior ruling.  The Court, therefore, finds it warranted to re-summarize its prior findings.  As the foregoing discussion illustrates, Plaintiff's Bivens claims were disposed of in the following fashion: (a) Plaintiff's claims against his current and former wardens, as well as those claims against Defendant Lopez that were based solely on her supervisory position, were dismissed with prejudice, since claims based solely on the doctrine of respondeat superior are not cognizable in a Bivens action; (b) Plaintiff's claims against Defendants Elias, Bourton and Lopez that asserted Plaintiff's disagreement with the medical treatment provided to Plaintiff, Plaintiff's displeasure with the decision not to x-ray Plaintiff's arm during the first visit and, instead, to treat him with ice and pain-killer, Plaintiff's displeasure with the decision to schedule his examination by a specialized doctor in two weeks, Plaintiff's displeasure with how a cast was applied to

his arm, etc., were dismissed with prejudice, because none of these allegations stated a wrong of constitutional magnitude, but (c) Plaintiff's claims against Defendant Elias, based on Plaintiff's assertion that Defendant Elias outright refused to provide Plaintiff with pain-killers was dismissed without prejudice, with a directive to clarify whether Plaintiff exhausted that claim administratively (and with a clarification that a mere assertion of such exhaustion shall suffice, and no copies of administrative documents were needed at this initial pleading stage); and (d) Plaintiff was directed to assert facts, if any, showing that Defendants were deliberately indifferent to Plaintiff's medical needs within the meaning of the test extensively detailed to Plaintiff.[1]

---

[1] Plaintiff's motion suggests that Plaintiff now wishes to change his factual assertions against Defendant Bourton: while Plaintiff's original complaint maintained that Defendant Bourton examined Plaintiff's arm for ten minutes, Plaintiff's motion asserted that the entire period of Plaintiff's medical visit with Bourton took ten minutes, and Defendant Bourton spent only one minute looking at Plaintiff's arm from afar and the remaining nine minutes typing documents associated with Plaintiff's visit. See Docket Entry No. 4, at 13-14.  While the Court notes its concern with the discrepancy in Plaintiff's original and now-asserted claims, this Court – being mindful of Plaintiff's pro se litigant status – expressly provided Plaintiff with leave to amend his original pleading by stating facts indicative of deliberate indifference on the part of Defendants Bourton, Elias and Lopez.  However, Plaintiff cannot raise these new claims in a motion: he must raise these new claims in his amended pleading. See, e.g., Bell v. City of Phila., 275 Fed. App'x 157, 160 (3d Cir. 2008) (a litigant cannot plead claims, state and/or support facts by any non-pleading document, be it moving papers, an opposition to adversaries' motion, the litigant's traverse, etc.); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315

As to Plaintiff's FTCA claims, Plaintiff's challenges were disposed in the following fashion: (a) Plaintiff's claims based on <u>respondeat superior</u> theory asserted against his current and former wardens and also asserted against Defendant Lopez on the basis of her supervisory position were dismissed with prejudice, as falling outside the scope of the FTCA; (b) all other Plaintiff's challenges based on the acts of Defendants Lopez, Elias and Bourton were dismissed without prejudice, with instructions to: (i) state facts suggesting that these individuals were government employees rather than contractors, (ii) clarify the sum, if any, Plaintiff was seeking in his administrative FTCA proceedings, (iii) clarify the sum Plaintiff is seeking now, under the FTCA, and (iv) clarify whether Plaintiff raise the same challenges during his FTCA administrative proceeding as he is raising now in the instant matter.

Although Plaintiff's 94-paragraph motion cannot qualify as Plaintiff's amended complaint, and Plaintiff's time to file his amended complaint in accordance with the terms of this Court's prior order long expired, this Court finds it warranted to allow Plaintiff another opportunity to submit his amended complaint curing the shortcomings of his original pleading.  The Court, therefore, will allow Plaintiff another forty-five-day period to

---

(11th Cir. 2004) (same); <u>Veggian v. Camden Bd. of Educ.</u>, 600 F. Supp. 2d 615, 628 (D.N.J. 2009) (same).

file such amended complaint.

Furthermore, this Court's examination of allegations raised in – and/or of the heading utilized in – Plaintiff's motion warrants at least a brief discussion.  To the degree Plaintiff's motion, having virtually every paragraph filled with allegations against this Court, could be construed as Plaintiff's motion seeking this Court's recusal, that motion will be denied.  Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his/her interest or bias in a case.  Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004).  In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); accord Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990).  "[B]eliefs or opinions which merit recusal must involve an extrajudicial factor," Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004)

(internal quotation marks and citation omitted), and the Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). The reason for this rule is that judicial decisions "in and of themselves can only in the rarest of circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id. Consequently, a judge's prior adverse ruling cannot verify for the bias necessary for recusal under 28 U.S.C. § 455(a). See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001); United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999); Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993). This is true even if the judge consistently made adverse rulings against the party, see McCalden v. California Library Assoc., 955 F.2d 1214, 1224 (9th Cir. 1990); United States v. Mobile Materials, Inc., 881 F.2d 866, 877 (10th Cir. 1989), because an adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts. See Crenshaw v. Hodgson, 24 Fed. App'x 619, 621 (7th Cir. 2001) (citing Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994); Byrne, 261 F.3d at 1103). Also, it should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to

not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972); see also Clemens, 428 F.3d at 1179; Sensley, 385 F.3d at 598-99; Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Here, the record does not support a finding of an extrajudicial factor causing impartiality or any degree of favoritism or antagonism on the part of this Court, so as to make fair judgment in this proceeding unlikely, moreover impossible. Indeed, this Court's preservation and careful parceling of Plaintiff's claims and this Court's extensive guidance have given Plaintiff a full and fair opportunity to litigate his claims.

To the extent Plaintiff's motion could be construed as a motion for reconsideration of this Court's prior determination, Plaintiff's motion will be granted in form and denied in substance.[2] A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present

---

[2] The Court of Appeals guided that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion. See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 111, n.1 (3d Cir. 2008). However, the very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's decision previously reached upon examination of the original application. See id.

newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; 8 and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442;

see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").  Here, Plaintiff's lengthy motion painstakingly details Plaintiff's disagreement with this Court as to what the governing legal regime is (or should be).  However, such disagreement should be saved for Plaintiff's appellate proceedings, if such are initiated.  See Assisted Living, 996 F. Supp. at 442.

Finally, to the extent Plaintiff's motion could be construed as an application for certification of interlocutory appeal to the United States Court of Appeals for the Third Circuit, Plaintiff's motion will be denied as without merit.  A litigant may apply for interlocutory review of an otherwise non-appealable district court order by petitioning the district court to certify its order to the appropriate appellate court pursuant to 28 U.S.C. § 1292(b).[3]  To obtain certification, a movant must show that there is "a controlling question of law as to which there is a substantial

---

[3] If the district court certifies its order for interlocutory review, the litigant must apply for appellate review within ten days of the order's issuance. See 28 U.S.C. § 1292(b).  The court of appeals then has largely unfettered discretion to hear the appeal.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (observing that appellate court's discretion to grant leave to appeal may be as broad as that of Supreme Court on certiorari).

ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d at 754.  Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation. See SEC v. Lucent Techs., Inc., 2009 U.S. Dist. LEXIS 107098 (D.N.J. Nov. 16, 2009); Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996) (citing 16 Charles A. Wright, et al., Federal Practice and Procedure § 3929, at 134 (1977)). Merely questioning a court's ruling is insufficient.  See Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).  The district court may exercise considerable discretion in determining whether a particular order is appropriate for interlocutory review. See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Katz, 496 F.2d at 754.  Here, interlocutory appellate review of this Court's prior or instant decision would not materially advance the termination of this dispute, because even reversal by the Court of Appeals would still leave Plaintiff's claims, which are amenable to cure by a mere repleading, wholly unresolved.  Accordingly, Plaintiff has not made the requisite showing that the "exceptional" grant of interlocutory appeal is warranted in this case.  See SEC

v. Lucent Techs., Inc., 2009 U.S. Dist. LEXIS 107098 at *28.[4]

For the foregoing reasons, Plaintiff's motion will be denied, and Plaintiff will be allowed another forty-five day period to state his challenges in accordance with the guidance provided to him by this Court.  However, the Court's discussion would be incomplete without pointing out to Plaintiff that, in the event Plaintiff wishes to waive his opportunity to amend his pleading (e.g., because Plaintiff wishes to withdraw his claims in order to insist that pure respondeat superior challenges against Plaintiff's wardens or Defendant Lopez are cognizable within the meaning of the FTCA or Bivens, and/or if Plaintiff wishes to forego his claims claims in order to insist that his disagreement or disappointment with the medical treatment he received suffices to state a Bivens claim, and/or if Plaintiff concedes that he did not exhaust his claims against Defendant Elias administratively with regard to Defendant Elias' alleged denial of pain-killers to Plaintiff, and/or if Plaintiff has no other facts to state showing that Defendants were deliberately indifferent to his medical except the

---

[4] To the extent Plaintiff's references to "declaratory judgment" made in the motion could be construed as Plaintiff's desire to seek declaratory relief, Plaintiff's references are misplaced, since the issues litigated in the instant proceedings are the alleged denials of medical care for the purposes of Bivens and the FTCA, and Plaintiff's interest in having this Court "declared unjust" have no common factual predicate with the claims litigated in this matter.  In other words, in the event Plaintiff wishes to raise challenges against this Court, he should do so by means of a new and separate civil complaint.

fact stated in his original complaint, and/or if Plaintiff concedes that Defendants Elias, Bourton and Lopez were not government employees but merely contractors, and/or if Plaintiff concedes that his FTCA challenges raised administratively did not seek any "sum certain," and/or if Plaintiff concedes that his challenges exhausted administratively differed, content-wise, from the claims raised in the instant matter), in such event, Plaintiff has the right to waive his opportunity to file an amended pleading in this action and to stand on his claims as they were asserted in his original complaint, hence ripening Plaintiff's position (that this Court erred in dismissing certain Plaintiff's claims with prejudice and other Plaintiff's claims without prejudice) for appellate review. See Lucas v. Twp. of Bethel, 319 F.3d 595, 600 (3d Cir. 2003) (the litigant who elects to stand on his pleading renders the dismissal without prejudice appealable).

    IT IS, therefore, on this **1st** day of **March 2012**,

    **ORDERED** that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's motion, Docket Entry No. 4, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

    **ORDERED** that Plaintiff's motion, Docket Entry No. 4, is denied; and it is further

    **ORDERED** that the Court's prior ruling, see Docket Entries Nos. 2 and 3, shall remain in force; and it is further

**ORDERED** that Plaintiff's time to submit his amended complaint (in accordance with the guidance provided herein and in this Court's prior opinion, Docket Entry No. 2) is extended; and it is further

**ORDERED** that Plaintiff may submit his amended complaint within forty-five days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a final dismissal on merits and, in the event Plaintiff timely submits his amended complaint, the Court will direct the Clerk to reopen this matter and will screen Plaintiff's amended complaint on merits; and it is further

**ORDERED** that administrative termination shall have no effect on the timeliness of Plaintiff's challenges, provided that Plaintiff handed his original complaint to his prison officials for mailing to this Court within the periods of limitations governing Plaintiff's claims; and it is further

**ORDERED** that no statement made in this Memorandum Opinion and Order shall be construed as indicative of this Court withdrawing its jurisdiction over this matter; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and

Order upon Plaintiff by certified mail, return receipt requested, and shall enclose in said mailing a blank civil complaint form.

                                          <u>s/Renée Marie Bumb</u>
                                          **RENÉE MARIE BUMB,**
                                          **United States District Judge**