UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
RAFAEL FONTANEZ,                     :
                                     :     Civil Action No.
            Plaintiff,               :     11-2573 (RMB)
                                     :
      v.                             :
                                     :
ABIGAIL LOPEZ et al.,                :     **ORDER**
                                     :
            Defendants.              :
_____ :

For the reasons expressed in the Memorandum Opinion filed herewith,

IT IS on this **20th** day of **November 2012**,

**ORDERED** that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's amended complaint, Docket Entry No. 9, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's allegations raised under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), are dismissed with prejudice for failure to state a claim upon which relief can be granted; and it is further

**ORDERED** that Plaintiff's allegations raised under the Federal Tort Claims Act on the basis of conducts of Defendants Lopez and Sulayman are dismissed with prejudice for failure to state a claim upon which relief can be granted; and it is further

**ORDERED** that Plaintiff's allegations raised under the Federal Tort Claims Act on the basis of conducts of Defendants Burton and Elias may proceed past the <u>sua sponte</u> dismissal stage; and it is further

**ORDERED** that the Clerk shall terminate Defendants Lopez, Sulayman, Burton and Elias as Defendants in this action; and it is further

**ORDERED** that the Clerk shall add the United States as a Defendant in this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order by regular mail on the United States Attorney for the District of New Jersey and on the warden of the place of Plaintiff's current confinement; and it is further

**ORDERED** that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the amended complaint, Docket Entry No. 9, summons, this Order and the Memorandum Opinion filed herewith upon the Federal Bureau of Prisons being a presumed representative of the United States, pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the United States shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is expressly advised that such appointment is neither guaranteed nor automatic; and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

**ORDERED** that, if at any time the Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**