UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
RAFAEL FONTANEZ,                :
                                :    Civil Action No.
            Plaintiff,          :    11-2573 (RMB)
                                :
      v.                        :
                                :
ABIGAIL LOPEZ et al.,           :    **MEMORANDUM OPINION**
                                :    **AND ORDER**
            Defendants.         :
_____:

This matter comes before the Court upon Plaintiff's filing of a motion for reconsideration, Docket Entry No. 14, and it appearing that:

1. This Court examined Plaintiff's challenges three times, see Docket Entries Nos. 2, 3, 6, 10 and 11, when it screened his original and amended pleadings, and addressed his prior motion for reconsideration, each time explaining the substantive law. Another recital of the same appears superfluous. Hence, suffice it to state that, reviewing Plaintiff's challenges, the Court detailed to him the test applicable to Eighth Amendment claims and pointed out that a medical practitioner's refusal to summon a doctor of an inmate's choice, or a medical practitioner's error in diagnosis or medical treatment, or minor delays in treatment, or analogous oversights cannot qualify as acts of deliberate indifference sustaining a claim of constitutional magnitude: at most, such facts could give

     rise to a tort claim of negligence, <u>i.e.</u>, a common law medical malpractice challenge. <u>See</u>, <u>e.g.</u>, Docket Entry No. 10, at 12-13.

2. Applying these tests to Plaintiff's original and amended challenges, the Court dismissed all his claims raised under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), but proceeded certain of Plaintiff's negligence-based challenges (raised under the Federal Tort Claims Act). <u>See</u> Docket Entry No. 10, at 15-16. These negligence claims are currently litigated.

3. In response to the Court's determinations, Plaintiff filed the motion at bar. <u>See</u> Docket Entry No. 14. In his motion, Plaintiff asserted that the Court erred in its conclusions because: (a) a certain defendant was a nurse rather than a doctor; (b) Plaintiff was of the opinion that this nurse should had known enough to conclude that a specialized doctor had to be summoned; (c) Plaintiff believed that a certain supervisor had to be constitutionally liable to him under certain agency rules and because that supervisor did not reduce her initial rejection of Plaintiff's request for referral to a specialist to writing; and (d) Plaintiff felt that brief negligent delays in referral to a specialist (while he was under continuous medical treatment of other medical practitioners) should be sufficient to give basis to a claim

>   of constitutional magnitude.  See id.

4.  This Court already detailed to Plaintiff the standard applicable to motions for reconsideration.

    > A motion for reconsideration is a device of limited utility.  There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; 8 and (d) to accord the decision to an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998).  In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994) . . . .

    Docket Entry No. 6, at 10-12.

5.  Like Plaintiff's prior motion for reconsideration, his instant motion states merely his disagreement with the Court's conclusions and points out at no manifest errors of law or fact; nor does it present newly-discovered or previously unavailable evidence.  It does not bring to this Court's

attention an intervening change in prevailing law (and the Court, on its own, is not aware of any such change), and it supplies no basis for a finding of manifest injustice.

IT IS, therefore, on this **17th** day of **January 2013**,

**ORDERED** Plaintiff's motion, Docket Entry No. 14, is granted in form and denied in substance;[1] and it is further

**ORDERED** that this Court's prior determinations, stated in Docket Entry No. 11, shall remain in ful force; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

```
                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge
```

---

[1] The Court of Appeals guided that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion. See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 111, n.1 (3d Cir. 2008).