[Doc. No. 25]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RAFAEL FONTANEZ,

        Plaintiff,           Civil No. 11-2573 (RMB/AMD)

   v.

UNITED STATES OF AMERICA and
FEDERAL BUREAU OF PRISONS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the motion of *pro se* Plaintiff, Rafael Fontanez, for an extension of time within which to submit an affidavit of merit and for an order finding an affidavit of merit to be unnecessary in this action. (*See* Notice of Motion [Doc. No. 25], 1). The Court considers whether the nature of Plaintiff's claims require Plaintiff to file an affidavit of merit, and if so, whether Plaintiff has demonstrated circumstances sufficient to permit the filing of an affidavit of merit beyond the statutorily-prescribed time period. For the reasons that follow, the Court grants Plaintiff's motion for an extension of time to file an affidavit of merit.

In this action, pro se Plaintiff, formerly an inmate at FCI Fort Dix, [1] generally alleges that, during a prison softball game on July 12, 2009, he sustained an injury, which caused "instantaneous" swelling, "intense pain[,] and limited Plaintiff's ability to "move" his arm. (Second Amended Complaint [Doc. No. 9], ¶ 19.) Plaintiff alleges that the Health Services Unit at FCI Fort Dix provided medical care to Plaintiff, but originally diagnosed and treated the injury as a fracture, rather than a broken bone (id. at ¶ 37), and denied Plaintiff's initial requests to be seen by an orthopedic specialist. (Id. at ¶ 39.) Notwithstanding the original diagnosis, Plaintiff alleges that he suffered from a broken and displaced ulnar, which ultimately required corrective surgeries, and has inhibited the "normal use" and "range of motion" of Plaintiff's right arm and wrist. (Id. at ¶¶ 43-49, 89.) Plaintiff generally asserts that the Health Services Unit, and its various physicians, mid-level practitioners, and registered nurses, provided medically negligent treatment, and seeks monetary damages. (Id. at ¶¶ 86-92.)

On May 5, 2011, Plaintiff submitted the initial complaint in this action, together with an application to

---

[1] On December 17, 2013, Plaintiff submitted a notice of address change, which indicated that he would shortly be released from FCI Fort Dix. (See Notice of Change of Address [Doc. No. 36], 1.)

proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (<u>See</u> Complaint Received [Doc. No. 1].) On July 12, 2011, the District Court granted Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, but dismissed Plaintiff's claims with prejudice, instead granting Plaintiff the right to file an amended complaint with respect to certain claims asserted against Abigail Lopez, M.D., Vincent Elias, and Christine Burton. (<u>See</u> Order [Doc. No. 3], July 12, 2011, 3.) In accordance with the District Court's Order, Plaintiff filed an amended complaint on April 9, 2012, reasserting prior allegations, in part, but also setting forth new substantive assertions. (<u>See</u> <u>generally</u> Amended Complaint [Doc. No. 9].) By Order dated November 20, 2012, the District Court dismissed Plaintiff's claims against certain individuals, but permitted Plaintiff's claims under the Federal Tort Claims Act to proceed and added the United States of America as a party Defendant. (<u>See</u> Order [Doc. No. 11], Nov. 20, 2012, 2.) Defendants then answered Plaintiff's amended complaint on June 11, 2013. (<u>See</u> Answer to Amended Complaint [Doc. No. 19].)

On July 12, 2013, Plaintiff filed his first motion for an extension of time to file an affidavit of merit. (<u>See</u> Motion for Extension of Time to File an Affidavit of Merit [Doc. No. 21].) At that time, the sixty-day period within which to obtain an affidavit of merit would have expired on August 9, 2013. (<u>Id.</u> at ¶ 4.) Defendants did not object to the motion and the

Court accordingly granted the motion, extending the time within which to file an affidavit to October 9, 2013, the statutory limit under New Jersey's affidavit of merit statute. (See Order [Doc. No. 24], July 22, 2013, 1.) Plaintiff filed the pending motion on October 24, 2013, seeking a determination that the nature of the allegations and persons involved exempt Plaintiff from the affidavit of merit requirement, and alternatively, requesting an extension of time to November 8, 2013 to file the requisite affidavit. (See Notice of Motion [Doc. No. 25], 1; see also Plaintiff's Affirmation in Support of Motion for Extension of Time, Out of Time, and an Order Holding that an Affidavit of Merit is Unnecessary [Doc. No. 25).) Defendants have opposed any extension of time, and cross-moved for summary judgment on the basis of Plaintiff's failure to provide a timely affidavit of merit. (See Memorandum of Law in Support of the United States of America's Opposition to Plaintiff's Second Motion for Extension of Time to File an Affidavit of Merit and Defendant's Cross-Motion for Summary Judgment Dismissal (hereinafter, "Defs.' Opp'n) [Doc. No. 29], 1-2.) On November 22, 2013, the District Court denied Defendants' cross-motion without prejudice, pending resolution of the present motion. (See Text Order [Doc. No. 35].)

As set forth supra, the District Court permitted Plaintiff's claims under the Federal Torts Claim Act

4

(hereinafter, the "FTCA") to proceed passed <u>sua</u> <u>sponte</u> dismissal. (<u>See</u> <u>generally</u> Order [Doc. No. 11], Nov. 20, 2012.) The FTCA generally "subjects the United States to tort liability for negligence[.]" <u>Reo v. U.S. Postal Serv.</u>, 98 F.3d 73, 75 (3d Cir. 1996) (citing 28 U.S.C. §§ 1346(b), 2674). Specifically, under the FTCA, the United States may be liable for injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, state law governs claims under the FTCA. <u>See</u> <u>Staub v. U.S.</u>, No. 08-2061, 2010 WL 743926, at *2 (D.N.J. Mar. 3, 2010) (citing <u>Reo</u>, 98 F.3d at 75) (noting the applicability of state law). Because Plaintiff alleges injuries which occurred in New Jersey, New Jersey tort law, including the affidavit of merit statute (hereinafter, the "affidavit of merit statute"), N.J.S.A. 2A:53A-26, <u>et</u> <u>seq.</u>, applies.

"In any action for damages for personal injuries" resulting "from an alleged act of malpractice or negligence by a licensed person in his profession or occupation," the New Jersey affidavit of merit statute requires the plaintiff to provide "an affidavit of an appropriate licensed person" concerning whether the disputed treatment "fell [below] acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27. The affidavit of merit statute therefore requires

"plaintiffs to make a threshold showing" of merit, <u>Vitale v. Carrier Clinic, Incorporated</u>, 409 F. App'x 532, 533 (3d Cir. 2010) (citation omitted), in order "'to dispose of meritless malpractice claims early in the litigation'" and "'to allow meritorious claims to move forward unhindered.'" <u>Snyder v. Pascack Valley Hosp.</u>, 303 F.3d 271, 274 (3d Cir. 2002) (quoting <u>Burns v. Belafsky</u>, 766 A.2d 1095, 1099 (N.J. 2001)).

Plaintiff asserts that an affidavit of merit need not be filed because Plaintiff's allegations do not concern a "licensed physician." (Plaintiff's Affirmation in Support of Motion for Extension of Time, Out of Time, and an Order holding that an Affidavit of Merit is Unnecessary (hereinafter, "Pl.'s Br.") [Doc. No. 25], ¶¶ 22-24.) Plaintiff's allegations concern treatment provided by the Health Services Unit (hereinafter, "HSU") at FCI Fort Dix, and primarily relate to the alleged malpractice of HSU employees, Christine Burton, a registered nurse, and Vincent Elias, a mid-level practitioner or physician's assistant. (Pl.'s Br. [Doc. No. 25], ¶¶ 22-23; <u>see also</u> Defs.' Opp'n [Doc. No. 29], 7-8.) The affidavit of merit statute, by its very terms, applies only to certain claims against "licensed person[s] in his [or her] profession or occupation[.]" N.J.S.A. 2A:53A-27. However, as is evident from the statutory text, and delineated in N.J.S.A. 2A:53A-26, the definition of "licensed persons" is not strictly confined to

6

licensed physicians, but instead, expressly encapsulates attorneys, physicians, registered nurses, and a "health care facility[.]" N.J.S.A. 2A:53A-26. As noted by Defendants (Defs.' Opp'n [Doc. No. 29], 8), FCI Fort Dix's HSU constitutes a "'licensed person'" and "'health care facility.'" <u>McLoyd v. U.S.</u>, No. 04-605, 2006 WL 2135837, at *3 (D.N.J. July 27, 2006) (finding that "the Health Services Unit at FCI-Fairton falls under the statutory definition of a 'licensed person' and 'health care facility'"). Consequently, Plaintiff's complaint concerns alleged acts of negligence by "licensed persons[,]" and claims to which the affidavit of merit statute apply. <u>See</u> N.J.S.A. 2A:53A-27.

The affidavit of merit statute requires that the affidavit be filed within sixty days of the answer, but permits an extension of time "not to exceed [sixty] days" for "good cause[.]" <u>Id.</u> Failure to file a timely affidavit of merit generally "requires dismissal of the action with prejudice." <u>Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.</u>, 692 F.3d 283, 305 (3d Cir. 2012); <u>see also</u> N.J.S.A. 2A:53A-29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit). However, "four limited exceptions[,]" where applicable, excuse a plaintiff's failure to comply with the affidavit of merit statute. <u>Nuveen</u>, 692 F.3d at 305. The limited exceptions are:

"(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii)" an exception predicated upon "substantial compliance with the affidavit-of-merit requirement;" and (iv) "'extraordinary circumstances' that warrant equitable relief." Id. (citations omitted).

As set forth supra, Plaintiff filed the pending motion on October 24, 2013, after the expiration of the October 9, 2013 statutory deadline to file an affidavit of merit. (See Notice of Motion [Doc. No. 25].) Therefore, absent an applicable exception, Plaintiff's failure to file a timely affidavit of merit "requires dismissal[.]" Nuveen, 692 F.3d at 305. The pending motion contains no indication that Plaintiff lacks the requisite medical information to obtain and file an affidavit of merit. See N.J.S.A. 2A:53A-28 (describing the statutory lack of information exception). Nor does Plaintiff assert that he provided Defendants with an "independent[,]" though technically deficient, "verification of the validity" of Plaintiff's claims, as required by the substantial compliance exception. Nuveen, 692 F.3d at 308 (finding the substantial compliance exception inapplicable where the plaintiff failed to provide an independent verification of the merits of the claims). Rather, Plaintiff argues that certain circumstances excuse Plaintiff's failure to provide a timely affidavit and, alternatively, that Plaintiff need not submit an affidavit of merit in accordance

8

with the "common knowledge" exception. (Pl.'s Br. [Doc. No. 25], ¶¶ 9-33.)

The common knowledge exception only applies "where 'jurors' common knowledge'" suffices "'to enable [the jurors], using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts.'" Hubbard v. Reed, 774 A.2d 495, 499 (N.J. 2001) (quoting Estate of Chin v. Saint Barnabas Med. Ctr., 734 A.2d 778 (1999)). Consequently, the negligence must be "'readily apparent to anyone of average intelligence and ordinary experience[,]'" Kelly v. Berlin, 692 A.2d 552, 557 (N.J. Super. Ct. App. Div. 1997) (citations omitted), and not "'technical matters peculiarly within the knowledge of medical'" professionals. Lee v. Park, No. 12-7437, 2013 WL 5770680, at *4 (D.N.J. Oct. 23, 2013) (quoting Sanzari v. Rosenfeld, 167 A.2d 625 (1961)). Plaintiff delineates a series of purported errors, spanning multiple days and concerning actions by multiple parties. (See Pl.'s Br. [Doc. No. 25], ¶¶ 28-31; see also Amended Complaint [Doc. No. 9].) By way of example, Plaintiff alleges that "a physician twice misread test results" and/or x-rays, "ultimately [leading] to unnecessary surgery." (Pl.'s Br. [Doc. No. 25], ¶ 32.) Plaintiff, however, has proffered no support for his assertion that the claims in this action establish "a series of careless and obvious errors[,]" (id. at ¶

9

33), which would not require specialized knowledge of experts. See <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 579-80 (3d Cir. 2003) (noting that the common knowledge exception only applies where "[n]o special expertise or expert testimony is needed to show, at the outset of a case, that the claim is not frivolous"). This exception narrowly applies to "readily apparent" negligence such as where a defendant dentist negligently extracted the wrong tooth, see <u>Steinke v. Bell</u>, 107 A.2d 825 (N.J. Super. Ct. App. Div. 1954); where a defendant physician failed to inform the plaintiff that plaintiff's x-rays clearly depicted a needle in plaintiff's chest, see <u>Tramutola v. Bortone</u>, 288 A.2d 863 (N.J. Super. Ct. App. Div. 1972); or where plaintiff suffered burns while unconscious during surgery. See <u>Magner v. Beth Israel Hosp.</u>, 295 A.2d 363 (N.J. Super. Ct. App. Div. 1972). The purported negligence of the Defendants in this action does not fit within this category.[2] The Court therefore

---

[2] Plaintiff asserts that, because Defendants failed to provide a response to Plaintiff's requests for admissions, "the Court should consider [the allegedly admitted facts] in [the] adjudication of this motion." (Pl.'s Br. [Doc. No. 25], ¶ 40.) However, it is clear that requests for admission serve "'to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial.'" <u>Glover v. Udren</u>, No. 08-990, 2013 WL 23155, at *2 (W.D. Pa. Jan. 2, 2013) (quoting <u>Duchesneau v. Cornell Univ.</u>, No. 08-4856, 2010 WL 4117753, at *2 (E.D. Pa. Oct. 19, 2010). As noted by Defendants, the Court has not conducted an initial scheduling conference concerning discovery deadlines, nor entered a scheduling order. (<u>See</u> Defs.' Opp'n [Doc. No. 29], 16.) Consequently, the Court finds Plaintiff's requests for admissions premature. See <u>Glover</u>,

rejects Plaintiff's assertion concerning the application of the common knowledge exception. (<u>See</u> Pl.'s Br. [Doc. No. 25], ¶ 25.)

The Court now considers whether Plaintiff's submission demonstrates "'extraordinary circumstances' that warrant equitable relief[.]" <u>Nuveen</u>, 692 F.3d at 305. "[E]xtraordinary circumstances" may justify an additional extension of time, provided that the circumstances do not evince "'mere carelessness or lack of proper diligence.'" <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 162 (3d Cir. 2000) (quoting <u>Hartsfield v. Fantini</u>, 695 A.2d 259, 263 (N.J. 1997)). "[T]he circumstances must be 'exceptional and compelling[,]'" and the Court must determine that Plaintiff "has provided [an] adequate excuse for [his] failure to comply with the [affidavit of merit] statute[.]" <u>Chamberlain</u>, 210 F.3d at 162. However, courts "'have yet to define the full scope of extraordinary circumstances as an equitable remedy for failure to comply with the [affidavit of merit] statute[.]'" <u>Paragon Contractors, Inc. v. Peachtree Condo. Ass'n</u>, 997 A.2d 982, 985 (N.J. 2010) (citations omitted). Courts have engaged in a fact-specific analysis to determine whether the plaintiff demonstrates extraordinary circumstances. <u>Nuveen</u>, 692 F.3d at 309. In the context of attorney conduct,

---

2013 WL 23155, at *2 (finding plaintiff's requests for admissions "premature" at an early stage in the litigation); <u>see also</u> <u>Perry v. City of Phila.</u>, 915 F. Supp. 719, 720 (E.D. Pa. 1996) (finding plaintiff's requests for admission premature).

courts ascertain whether the failure to provide a timely affidavit arose out of circumstances beyond or within counsel's control: the first supporting an extension, with the second militating against an extension. Compare Tischler v. Watts, 827 A.2d 1036, 1037–38 (N.J. 2003) (finding extraordinary circumstances where plaintiff's counsel underwent aggressive radiation and chemotherapy treatments during the statutory affidavit of merit submission period), with Hartsfield, 695 A.2d at 264 (finding "an attorney's failure to supervise staff or heavy workload" to be insufficient to satisfy the "'extraordinary circumstances' requirement"). Here, the failure to file a timely affidavit of merit rests solely upon pro se Plaintiff.  Courts in the pro se context have considered whether the failure to comply with the filing deadline resulted from "'carelessness, lack of circumspection, lack of diligence, [] ignorance of the law[,]" or failure to seek legal advice. Marcantonio v. Hundertmark, No. A-2102-04T5, 2005 WL 3663634, at *4 (N.J. Super. Ct. App. Div. Jan. 23, 2007) (citations omitted); see also Kant v. Seton Hall Univ., No. 00-5204, 2009 WL 2905610, at *2 (D.N.J. Sept. 9, 2009) (quoting Taylor v. Plousis, 101 F. Supp. 2d 255, 270 (D.N.J. 2000) (citation omitted) (same)). None of these reasons alone, however, suffice to "'excuse failure to meet the filing deadline.'" Kant, 2009 WL 2905610, at *2 (quoting Taylor, 101 F. Supp. 2d at 270).

12

Therefore, <u>pro se</u> status does not, without more, establish extraordinary circumstances. <u>See</u> <u>Kant</u>, 2009 WL 2905610, at *2 ("A *pro se* litigant's failure to file an affidavit of merit within the proper time period following the filing of an Answer does not constitute extraordinary circumstances.").

In Plaintiff's first motion for an extension of time, Plaintiff asserted that his incarceration and "limited resources" required Plaintiff to "rely on family" in Massachusetts for assistance in obtaining an affidavit of merit. (Affirmation in Support of Motion for Extension of Time for Affidavit of Merit [Doc. No. 21], ¶ 6.) In connection with the pending motion, Plaintiff asserts that, notwithstanding significant efforts, he could not retain a medical provider in time to comply with the Court's October 9, 2013 deadline. (Pl.'s Br. [Doc. No. 25], ¶¶ 10-11.) Plaintiff represents that he has now obtained, after the deadline, "the services of a licensed physician, Donald Goldman, MD" to prepare an affidavit of merit and has obtained an attorney prepared to represent Plaintiff upon filing of the affidavit—both of which are contingent, however, on this Court granting an extension of time. (<u>Id.</u> at ¶¶ 15-16; <u>see also</u> Motion for Extension of Time to File an Affidavit of Merit [Doc. No. 25], 22-23.) In support of these assertions, Plaintiff appended email correspondence to the pending motion to substantiate that he has now obtained a

medical provider willing and able to provide an affidavit of merit, if provided additional time, and an attorney. (See Motion for Extension of Time to File an Affidavit of Merit [Doc. No. 25], 22-23.) The email correspondence also indicates that Plaintiff's mother began to correspond with potential medical providers as of August 19, 2013 in an effort to obtain a timely affidavit.[3] (Id. at 9.)

Accordingly, the Court does not construe Plaintiff's position to be one of carelessness, lack of circumspection, or lack of diligence, as alleged by Defendants. (Defs.' Opp'n [Doc. No. 29], 16.) Nor does Plaintiff's proffer demonstrate the ignorance of the law or simply a failure to act. See Marcantonio, 2005 WL 3663634, at *4 (affirming the dismissal of pro se plaintiff's complaint where plaintiff made no attempt to obtain an affidavit of merit). Consequently, Plaintiff presents circumstances unique from those in which courts uniformly reject

---

[3] Defendants take issue with the emails appended to Plaintiff's pending motion and assert that such "emails constitute hearsay and hearsay within hearsay." (Defs.' Opp'n [Doc. No. 29], 15.) The Court has reviewed Plaintiff's affirmation filed in connection with the pending motion and rejects Defendants' assertion that the emails should not be considered. (See generally Plaintiff's Affirmation in Support of Motion for Extension of Time, Out of Time, and an Order Holding that an Affidavit of Merit is Unnecessary [Doc. No. 25], 2-7 on the docket.) Defendants further assert that Plaintiff's mother did not contact the lawyer or the physician retained to provide an affidavit of merit "until late September 2013 or early October 2013." (Id.) Defendants therefore assert that Plaintiff's motion should be denied. (Id.) The Court rejects this argument for the reasons set forth infra.

the application of the extraordinary circumstances exception. In Mathis v. Pomerentze, No. 08-6129, 2012 WL 6152126 (D.N.J. Dec. 11, 2012), for example, the court rejected the application of the extraordinary circumstances exception due, in part, to plaintiff's failure to make any efforts to comply with the affidavit of merit statute, nor to demonstrate any other circumstances that "prevented him from submitting an Affidavit of Merit." Id. at *3 n.7. Similarly, in Stuyvesant v. United States, No. 05-5254, 2007 WL 1931292 (D.N.J. June 29, 2007), the court denied plaintiff's motion for an extension of the time within which to submit an affidavit of merit (and dismissed plaintiff's claims), where plaintiff proffered only inadvertence and an assertion that his "New York counsel" required "time to review the case files." Id. at *4.

Plaintiff's present position in this action does not squarely present circumstances which are "simply insufficient to satisfy the 'extraordinary circumstances' standard[.]" Timmons v. DeGuzman, Nos. A-4927-10T4, A-5196-10T4, A-5159-10T4, A-5968-10T4, A-5195-10T4, 2012 WL 2618519, at *6 (N.J. Super. Ct. App. Div. July 6, 2012) (noting that late filings of an affidavit of merit "may be accepted because of extraordinary circumstances[,]" but that "'carelessness, lack of circumspection, or lack of diligence'" fail to constitute such circumstances) (citation omitted); see also Hyman Zamft &

Manard, L.L.C. v. Cornell, 707 A.2d 1068, 1071 (N.J. Super. App. Div. 1998) (noting that "[c]arelessness, lack of circumspection, or lack of diligence" are not "extraordinary circumstances" sufficient to relax the requirements of the affidavit of merit statute). Nor, however, do Plaintiff's circumstances fall clearly within the confines of the limited body of law addressing the extraordinary circumstances exception. In Tischler v. Watts, 827 A.3d 1036 (N.J. 2003), for example, the New Jersey Supreme Court found that counsel for plaintiff's "aggressive radiation and chemotherapy treatments" precluded her from "an opportunity to comply with the statutory" affidavit of merit requirements. Id. at 1039. Consequently, the New Jersey Supreme Court found the circumstances "compelling[,]" particularly in light of the seemingly "meritorious" nature of plaintiff's suit, and reversed the lower court's dismissal of plaintiff's action with prejudice.  Id.; see also Barreiro v. Morais, 723 A.2d 1244, 1249 (N.J. Super. Ct. App. Div. 1999) (noting that a physician's indecipherable medical documents would promote the finding of an extraordinary circumstance if they had a "substantial bearing on [a physician's] preparation of the affidavit and prevented him from doing so in a timely fashion"). Similarly, in Perez v. Turner, No. 11-6833, 2013 WL 3216147 (D.N.J. June 25, 2013), the court found circumstances sufficient "to excuse [p]laintiff's failure to timely file an

16

Affidavit of Merit[,]" in light of the four month delay (by no fault of plaintiff) in the appointment of *pro bono* counsel. Id. at *5, *5 n.4.

In this case, Plaintiff proffers efforts to obtain a timely affidavit during the statutory period, and the representation that he now possesses the actual ability to comply with the affidavit of merit statute, provided he receives additional time. (See Motion for Extension of Time to File an Affidavit of Merit [Doc. No. 25], 23.) The Court also notes the limitations previously posed by Plaintiff's incarceration, including the need to rely on third-party assistance. (See, e.g., (Affirmation in Support of Motion for Extension of Time for Affidavit of Merit [Doc. No. 21], ¶ 6; Letter [Doc. No. 34], 1.) Though Plaintiff's recent release may have removed these barriers, in part, his incarceration during the period within which to submit a timely affidavit undoubtedly frustrated Plaintiff's ability to timely acquire an affidavit of merit. Consequently, Plaintiff presents circumstances neither clearly favoring, nor disfavoring, application of the extraordinary circumstances exception. Rather, the Court must determine where Plaintiff's present position falls on the spectrum of circumstances considered in connection with the extraordinary circumstances exception. See Paragon, 997 A.2d at 985 (noting that courts "'have yet to define the full scope of extraordinary

17

circumstances as an equitable remedy for failure to comply with the [affidavit of merit] statute'") (citation omitted). The Court makes this determination, however, guided by the policy of New Jersey courts "'favoring the disposition of cases on their merits[]'" Clare v. Senft, No. A-1745-12T2, 2014 WL 684240, at *4 (N.J. Super. Ct. App. Div. Feb. 24, 2014) (citation omitted), and the New Jersey Supreme Court's indication that the "extraordinary circumstances" exception aims to "temper the draconian results of an inflexible application of the statute" by granting certain latitude to non-compliant plaintiffs. Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779, 783 (N.J. 2003) (noting that, "[t]he Affidavit of Merit statute was intended to flush out insubstantial and meritless claims[,]" but "was not intended to encourage gamesmanship or a slavish adherence to form over substance"). In light of these policies and the nature of the claims set forth in Plaintiff's complaint, the Court concludes that Plaintiff's documented efforts during his incarceration suffice to warrant an extension of time. See Abraham v. Rothkopf, No. 07-2254, 2008 WL 3413850, at *4 (D.N.J. Aug. 8, 2008) (granting plaintiff an extension of time where plaintiff behaved "diligently" and demonstrated "a desire to fulfill the requirements of the affidavit [of] merit statute[,]" rather than "merely 'sleep[] on his rights'"); see also N.H. Ins. Co. v. Diller, 678 F. Supp. 2d 288, 313 n. 30 (Dec. 23,

18

2009) (finding dismissal with prejudice to "be unfair and contrary to the purpose of the Affidavit of Merit statute" in light of defendant's delay in raising the affidavit of merit issue; and therefore, dismissing plaintiff's complaint without prejudice, in order to afford plaintiff sixty (60) additional days" to serve an affidavit of merit and "to foster resolution on the merits" of plaintiff's "potentially meritorious claim"). Though neither Plaintiff's former incarceration nor pro se status suffice to warrant an extension, standing alone, the cumulative impact of Plaintiff's circumstances—particularly when viewed through the lens of Plaintiff's efforts during the sixty-day extension—support a limited extension of time. Accordingly, the Court shall grant Plaintiff an extension of time within which to file an affidavit of merit. In light of the Court's ruling, the Court shall grant a thirty-day day extension from the date of entry of this Order.

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 30th day of May 2014,

**ORDERED** that Plaintiff's motion for an extension of time [Doc. No. 25] shall be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Plaintiff shall file the affidavit of merit pursuant to N.J.S.A. 2A:53A-27 no later than thirty (30)

days from the date of entry of this Order. **Plaintiff is on notice that no further extensions of time shall be granted, and that failure to file an affidavit of merit may result in the dismissal of Plaintiff's complaint with prejudice.**

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb

20